UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMESETTA LELAND                    CIVIL ACTION NO. 13-cv-0111

VERSUS                              JUDGE HICKS

ELIZABETH FOOTE                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Jamesetta Leland ("Plaintiff"), who is self-represented, filed this civil action against United States District Judge Elizabeth Foote.  She complains that the judge is liable to her for billions of dollars for allowing oil and gas companies to get away with not paying Plaintiff money due her. For the reasons that follow, it is recommended the complaint be dismissed.

**Relevant Facts**

Judge Foote presided over an earlier civil action filed by Plaintiff, Leland v. XTO Energy, et al, 11-cv-1298, which began with a one-page handwritten complaint that appeared to allege that the defendant companies were depriving Plaintiff and her relatives of royalties or other mineral revenue they were due.  Plaintiff sought $480,000,000,000 in damages.

The defendants in the earlier case filed motions to dismiss for insufficient service and for more definite statement. One defendant also challenged venue.  Judge Foote held a telephone status conference to discuss the pending motions. She was told by one defense

counsel that Plaintiff did appear to own a mineral interest in Bienville Parish and was being paid for it. The judge discussed with Plaintiff the difficulties of a layperson pursuing a federal lawsuit. She ordered Plaintiff to contact certain organizations that provide legal services or referrals and attempt to obtain representation. The conference ended when the line on Plaintiff's end went dead.

A second conference was scheduled to discuss the case and pending motions, but Plaintiff could not be contacted at any of the telephone numbers she had provided. An order issued that notified Plaintiff that if she failed to participate in the proceedings the court would entertain a motion to dismiss the action for failure to comply with court orders. Plaintiff was also ordered to file opposition to the pending motions and provide the court with a telephone number at which she could be reached. Plaintiff was warned that failure to file opposition to the motions or failure to participate in the next conference could result in dismissal of her case.

Plaintiff did not file opposition to the motions, provide a valid telephone number, or participate in the next conference. The court asked counsel to discuss the pending motions, which they did. Counsel also moved for dismissal based on Plaintiff's failure to comply with court orders. Judge Foote granted the motions to dismiss for lack of valid service and, in the alternative, the motions to dismiss for failure to comply with court orders. The court entered judgment dismissing the complaint. Plaintiff filed a notice of appeal, but the Fifth Circuit

dismissed the appeal for want of prosecution after Plaintiff failed to timely file a sufficient brief and record excerpts.

Plaintiff commenced this civil action by filing a one-page handwritten complaint in which she accuses Judge Foote of letting companies violate the law regarding the payment of rental, royalties, and bonuses. Plaintiff apparently refers to Judge Foote's handling of the prior lawsuit, although the complaint does not specifically reference it. She demands Judge Foote pay her $480,000,000,000 in damages.

**Analysis**

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to state a claim on which relief may be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Sua sponte recommendation of dismissal is fair because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Plaintiff is proceeding in forma pauperis. The court is authorized by 28 U.S.C. § 1915(e)(2) to dismiss a pauper complaint "at any time" if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

This complaint is ripe for dismissal under these rules because judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). The "immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 87 S.Ct. 1213, 1218 (1967). "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants." Id. "His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Id. "Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." Id.

Whether an act by a judge is a judicial one to which immunity applies relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288. The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009). These factors are broadly construed in favor of immunity. Id.

The judicial conduct about which Plaintiff complains was unequivocally undertaken in the ordinary exercise of judicial duties and was squarely within Judge Foote's authority as a judicial officer of the court. Conducting conferences in chambers, setting deadlines for briefing, and ruling on motions are at the heart of judicial duties. Plaintiff's complaint, which she was allowed to file in forma pauperis, is frivolous. She is warned that if she files additional pleadings or complaints that are similarly lacking in legal or factual merit she may be subjected to sanctions. Those sanctions may include a bar on filing in forma pauperis or even filing at all without prior permission from a district judge.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE